Court of Claims jurisdiction; suit pending in another court; suspension to await related court action. — On April 18,1980 the court entered the following order:
Before Davis, Judge, Presiding, Nichols and Kashiwa, Judges.
Plaintiff has related claims pending in the United States District Court for the District of Arizona and this court arising out of the same set of facts. Plaintiff has moved before our trial division to suspend proceedings here pending the outcome of the district court litigation, because the district court litigation is farther along and because resolution of that litigation might render many of the issues presented in this court,' if not all such issues, moot. In response to plaintiffs motion, defendant filed in this court a *741 motion to dismiss for lack of jurisdiction and failure to state a claim. It is defendant’s position that rather than suspend the instant suit, while the district court action proceeds, it should be dismissed because we lack jurisdiction to hear the claims presented.
Based on the parties’ pleadings, the following facts appear to be undisputed. On August 13, 1975, plaintiff, Inecon Agricorporation (Inecon), entered into two written contracts with the Fort Mojave Tribe (the Tribe), an Indian tribe organized pursuant to section 16 of the Indian Reorganization Act of 1934, to develop tribal trust land, located in Mojave County, Arizona, into an operating, irrigated farm and then to manage the land for 20 years. Under the development contract, Inecon agreed to furnish labor and materials to reclaim the land and make it productive and the tribe agreed to pay Inecon its costs plus a management fee. Under the management contract, Inecon agreed to furnish labor and materials to manage and operate the farm and the Tribe agreed to pay Inecon $15 per productive acre per year, plus 40 percent of the annual net profits earned. The term of the management contract was 20 years. The development contract was conditioned upon the Tribe’s obtaining financing. The financing was to be accomplished under the guaranteed loan program of the Indian Financing Act of 1974, 25 U.S.C. § 1451 et seq. On November 8, 1975, the management and development contracts were approved by the Bureau of Indian Affairs (BIA) area director on behalf of the Secretary of the Interior.
On March 13, 1976, the Tribe formed Tribal Farms, Inc. (Tribal Farms), an Arizona corporation, which was a wholly owned subsidiary of the Tribe. After the incorporation of Tribal Farms, the Tribe’s rights and duties under the two contracts were assigned, with Inecon’s consent, to Tribal Farms, and the Tribe leased the tribal land that was to be developed to Tribal Farms. On December 15, 1976, Tribal Farms obtained short-term financing for one year in the amount of $2,300,000 from Crocker National Bank (Crock-er). Pursuant to the Indian Financing Act of 1974, the Government guaranteed Crocker’s loan to Tribal Farms for 90 percent of the principal. In addition, Prudential Insur- *742 anee Company of America made a commitment to Tribal Farms to provide long-term financing for the project.
Inecon began reclamation and development of the tribal land in October 1976. In May 1977, however, there was a series of disputes between Inecon and Tribal Farms that culminated in an attempted termination by Tribal Farms of the development and management contracts. On May 13, 1977, Inecon filed a complaint in the United States District Court for the District of Arizona for a temporary restraining order against Tribal Farms, the Tribe, the members of the Tribal Council, and William Lawrence, in his official capacity as superintendent of the BIA agency. Inecon sought to prevent defendants from interfering with Inecon’s duties under the contracts, from conveying Tribal Farm’s leasehold interest to third parties, and from assisting Tribal Farms in conveying any of its assets. The district court entered a temporary restraining order which reinstated the management and development contracts, exonerated the surety, and nullified the $25,000 bond which Inecon had posted as security for the temporary restraining order.'
Also, on May 18, 1977, the Secretary of the Interior through the BIA approved a loan to the Tribe. The Tribe used the funds to pay off the loan to Tribal Farms from Crocker and to pay the claims of creditors.
On June 2, 1978, Inecon filed an amended complaint in the aforementioned district court action, naming the Secretary of the Interior in his official capacity as a defendant; and on June 15, 1978, Inecon filed this present action in the Court of Claims. Both actions grew out of the same facts.
We have considered defendant’s motion to dismiss in this cause and plaintiffs motion to have this cause suspended pending the outcome of the district court litigation. A reading of the 117 paragraphs in the petition filed in the district court shows the controversy is primarily one between plaintiff and Tribal Farms, the Tribe, the Tribal Council, and William Lawrence. The district court suit is based primarily on a contractual relationship between private parties. The main controversy is before the United States District Court for the District of Arizona, and it should proceed while the action in this court is suspended.
*743 it is therefore ordered that defendant’s motion to dismiss, considered without oral argument, is denied. This cause of action is suspended pending the disposition of the action in the United States District Court for the District of Arizona. Plaintiff is ordered to report to this court each six months after the date of this order the status of its action in the said United States District Court for the District of Arizona.